Teitelbaum Law Group LLC
Attorneys for Stack's-Bowers Numismatics, LLC
d/b/a Stack's Bowers Galleries
1 Barker Avenue
White Plains, New York 10610
Tel. 914.437.7670
E. Mail jteitelbaum@tblawllp.com
Jay Teitelbaum, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No: 19-22721(RDD) |
| HAMPSTEAD GLOBAL, LLC, | : | |
| Debtor | : | |

------------------------------------------------------------

| | | |
|---|---|---|
| HAMPSTEAD GLOBAL, LLC, | : | |
| Plaintiff | : | Adversary Case No. 19-08282 |
| v. | : | |
| STACK'S-BOWERS NUMISMATICS, LLC, | : | |
| Defendant. | : | |

------------------------------------------------------------

### ANSWER

Stack's-Bowers Numismatics, LLC("**Stacks**" or "**Defendant**"), by and through its undersigned counsel, for its answer and affirmative defenses (the "**Answer**") to the Complaint filed in the above captioned adversary proceeding responds as follows:

1.  Paragraph 1 of the Complaint contains a series of conclusory statements, propositions, or contentions of law and does not require an admission or denial from Defendant. However, to the extent a response is required, the statements and allegations in Paragraph 1 of the Complaint are denied.

2.  Paragraph 2 of the Complaint contains a series of conclusory statements, propositions, or contentions of law and does not require an admission or denial from Defendant. However, to the

extent a response is required, the statements and allegations in Paragraph 2 of the Complaint are denied.

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

4.     Defendant admits that it is a Delaware Corporation and denies the balance of the allegations in Paragraph 4 of the Complaint.

5.     Paragraph 5 of the Complaint is admitted to the extent that this Court has jurisdiction over this adversary proceeding.

6.     Paragraph 6 of the Complaint is denied. Defendant denies that this is a core proceeding and does not consent to the entry of final orders or judgments by this Court in this adversary proceeding.

7.     Defendant denies the allegations in Paragraph 7 of the Complaint. Defendant admits that Plaintiff and Defendant entered into a certain Purchase and Sale Agreement dated as of April 30, 2018 (the "**PSA**") and Defendant refers to and incorporates herein the terms and conditions of the PSA[1].

8.     Defendant denies the allegations in Paragraph 8 of the Complaint. Defendant admits receipt of the sum of $300,000 in partial payment of the Purchase Price as defined in the PSA.

9.     Defendant denies the allegations in Paragraph 9 of the Complaint. Defendant admits the registration of the Domain Name was transferred to the Escrow Agent, as defined in that certain Escrow Agreement dated as of May 1, 2018 among Plaintiff, Defendant and Greenberg & Lieberman, as Escrow Agent, (the "**Escrow Agreement**"), pursuant to the terms of the PSA and Escrow Agreement.

---

[1] Each and every reference to incorporating the PSA and/or the Escrow Agreement herein is subject to the provisions of the consent order entered as ECF Docket No. 39.

10.    Defendant denies the allegations in Paragraph 10 of the Complaint. The terms and conditions of Plaintiff's rights in and use of the Domain Name are set forth in the PSA.

11.    Defendant denies the allegations in Paragraph 11 of the Complaint. Defendant avers that the allegations in Paragraph 11 of the Complaint are irrelevant and should be stricken.

12.    Defendant denies the allegations in Paragraph 12 of the Complaint. Defendant avers that the allegations in Paragraph 12 of the Complaint are irrelevant and should be stricken.

13.    Defendant denies the allegations in Paragraph 13 of the Complaint.

14.    Defendant denies the allegations in Paragraph 14 of the Complaint.

15.    Defendant denies the allegations in Paragraph 15 of the Complaint.

16.    Defendant denies the allegations in Paragraph 16 of the Complaint.

17.    Defendant denies the allegations in Paragraph 17 of the Complaint.

18.    Defendant denies the allegations in Paragraph 18 of the Complaint.

19.    Defendant admits the allegations in Paragraph 19 of the Complaint.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and therefore denies the allegations.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and therefore denies the allegations.

22.    Defendant denies the allegations in Paragraph 22 of the Complaint. Defendant avers that the allegations in Paragraph 22 of the Complaint are baseless, scurrilous and conclusory and should be stricken.

23.    Defendant admits that there have been settlement discussions pursuant to F.R.E. 408 among counsel, but denies the allegations in Paragraph 23 of the Complaint. The allegations in

Paragraph 23 of the Complaint are inadmissible pursuant to Fed. R. Evid. 408 and should be stricken pursuant to Fed. R. Evid.408.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint, except admits that a 341 meeting was conducted by the Office of the United States Trustee on May 6, 2019 and attended by Mr. Perzow, Mr. Higgs and Mr. Teitelbaum, as attorney for Defendant. Defendant avers that the Office of the United States Trustee maintains an audio recording of the public meeting and refers to and incorporates such public record for the sworn testimony as admissions of Mr. Perzow.

26. The allegations in Paragraph 26 of the Complaint are inadmissible pursuant to Fed. R. Evid. 408 and should be stricken pursuant to Fed. R. Evid.408. To the extent that a response to the allegations in Paragraph 26 of the Complaint is required, Defendant denies the allegations of Paragraph 26 of the Complaint, except Defendant admits that there was a discussion among counsel for Debtor and Stacks wherein counsel for the Debtor stated that he intended to provide Stacks with a settlement proposal.

27. The allegations in Paragraph 27 of the Complaint are inadmissible pursuant to Fed. R. Evid. 408 and should be stricken pursuant to Fed. R. Evid.408. To the extent a response is required to the allegations in Paragraph 27 of the Complaint, Defendant denies the allegations in Paragraph 27 of the Complaint, except admits receipt of a "Confidential Settlement Proposal" on May 31, 2019.

28. The allegations in Paragraph 28 of the Complaint are inadmissible pursuant to Fed. R. Evid. 408 and should be stricken pursuant to Fed. R. Evid.408. To the extent a response to the allegations in Paragraph 28 of the Complaint is required, Defendant denies knowledge or

information to form a response and therefore denies the allegations in Paragraph 28 of the Complaint.

29.     The allegations in Paragraph 29 of the Complaint are inadmissible pursuant to Fed. R. Evid. 408 and should be stricken pursuant to Fed. R. Evid.408. To the extent a response is required, Defendant denies the allegations in Paragraph 29 of the Complaint and further denies that the PSA or Escrow Agreement or the terms thereof were confidential, including at the time of the filing of Defendant's Proof of Claim and Motion to Dismiss the Bankruptcy Case or to Compel Assumption or Rejection of the PSA or that the filing of such Proof of Claim and Motion to Dismiss/ Compel breached any duty or obligation of confidentiality.

30.     Defendant denies the allegations of Paragraph 30 of the Complaint, except admits receipt of the letter attached as Exhibit B to the Complaint.

31.     Defendant denies the allegations of Paragraph 31 of the Complaint. Defendant avers that a response to the Plaintiff's July 8 letter was sent on July 8, 2019 and is attached hereto as Exhibit A.

32.     In response to the allegations in Paragraph 32 of the Complaint, the email referenced therein from Attorney Aisner is labeled "**Settlement Communication**"; therefore, the allegations in Paragraph 32 of the Complaint are inadmissible pursuant to Fed. R. Evid. 408 and should be stricken pursuant to Fed. R. Evid.408. To the extent a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint are inadmissible pursuant to Fed. R. Evid. 408 and should be stricken pursuant to Fed. R. Evid. 408. To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations of Paragraph 34 of the Complaint.

35.     In response to Paragraph 35 of the Complaint, Defendant repeats the responses to Paragraphs 1-34 herein.

36.     Defendant denies the allegations of Paragraph 36 of the Complaint and refers to the PSA for its terms and conditions.

37.     Defendant denies the allegations of Paragraph 37 of the Complaint to the extent they are factual allegations and neither admits nor denies the legal conclusions.

38.     Defendant denies the allegations of Paragraph 38 of the Complaint and refers to the PSA for the terms and conditions thereof.

39.     Defendant denies the allegations of Paragraph 39 of the Complaint.

40.     Defendant denies the allegations of Paragraph 40 of the Complaint.

41.     Defendant denies the allegations of Paragraph 41 of the Complaint.

42.     Defendant denies the allegations of Paragraph 42 of the Complaint.

43.     Defendant denies the allegations of Paragraph 43 of the Complaint.

44.     In response to Paragraph 44 of the Complaint, Defendant repeats and realleges the responses to Paragraphs 1-43.

45.     Defendant denies the allegations of Paragraph 45 of the Complaint and refers to the PSA for the terms and conditions thereof.

46.     Defendant denies the allegations of Paragraph 46 of the Complaint.

47.     Defendant denies the allegations of Paragraph 47 of the Complaint.

48.     In response to Paragraph 48 of the Complaint, Defendant repeats and realleges the responses to Paragraphs 1-47.

49.     Defendant denies the allegations of Paragraph 49 of the Complaint.

50.     Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, Defendant repeats and realleges the responses to Paragraphs 1-53.

55. Defendant denies the allegations of Paragraph 55 of the Complaint and refers to the PSA for its terms and conditions.

56. Defendant denies the allegations of Paragraph 56 of the Complaint and refers to the PSA for its terms and conditions.

57. Defendant denies the allegations of Paragraph 57 of the Complaint and refers to the PSA for its terms and conditions.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. In response to Paragraph 60 of the Complaint, Defendant repeats and realleges the responses to Paragraphs 1-59.

61. Defendant denies the allegations of Paragraph 61 of the Complaint and refers to the PSA for its terms and conditions.

62. Defendant denies the allegations of Paragraph 62 of the Complaint and refers to the PSA for its terms and conditions and denies that any terms of the PSA or Escrow Agreement are confidential.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Neither admits or denies the allegations of Paragraph 64 of the Complaint and refers to Bankruptcy Code §362 for the content thereof.

65.     Neither admits or denies the allegations of Paragraph 65 of the Complaint and refers to Bankruptcy Code §362 for the content thereof.

66.     Defendant denies the allegations of Paragraph 66 of the Complaint.

67.     Defendant denies the allegations of Paragraph 67 of the Complaint.

68.     Defendant denies the allegations of Paragraph 68 of the Complaint.

69.     Defendant denies the allegations of Paragraph 69 of the Complaint.

70.     Defendant denies the allegations of Paragraph 70 of the Complaint.

71.     Defendant denies the allegations of Paragraph 71 of the Complaint.

72.     Defendant denies the allegations of Paragraph 72 of the Complaint.

73.     Defendant denies the allegations of Paragraph 73 of the Complaint.

74.     In response to Paragraph 74 of the Complaint, Defendant repeats and realleges the responses to Paragraphs 1-73.

75.     Defendant denies the allegations of Paragraph 75 of the Complaint and refers to the PSA for its terms and conditions.

76.     Defendant denies the allegations of Paragraph 76 of the Complaint.

77.     Defendant denies the allegations of Paragraph 77 of the Complaint and refers to the PSA for its terms and conditions.

78.     Defendant denies the allegations of Paragraph 78 of the Complaint.

79.     Defendant denies the allegations of Paragraph 79 of the Complaint.

80.     Defendant denies the allegations of Paragraph 80 of the Complaint.

81.     Defendant denies the allegations of Paragraph 81 of the Complaint.

82.     Defendant denies the allegations of Paragraph 82 of the Complaint.

83.     Defendant denies the allegations of Paragraph 83 of the Complaint.

84.     In response to Paragraph 84 of the Complaint, Defendant repeats and realleges the responses to Paragraphs 1-83.

85.     Defendant denies the allegations of Paragraph 85 of the Complaint and refers to the PSA for its terms and conditions.

86.     Defendant denies the allegations of Paragraph 86 of the Complaint.

87.     Defendant denies the allegations of Paragraph 87 of the Complaint.

88.     Defendant denies the allegations of Paragraph 88 of the Complaint.

89.     Defendant denies the allegations of Paragraph 89 of the Complaint.

90.     Defendant denies the allegations of Paragraph 90 of the Complaint.

91.     In response to Paragraph 91 of the Complaint, Defendant repeats and realleges the responses to Paragraphs 1-90.

92.     Defendant denies the allegations of Paragraph 92 of the Complaint.

93.     Defendant denies the allegations of Paragraph 93 of the Complaint.

94.     Defendant denies the allegations of Paragraph 94 of the Complaint.

95.     In response to Paragraph 95 of the Complaint, Defendant repeats and realleges the responses to Paragraphs 1-94.

96.     Defendant denies the allegations of Paragraph 96 of the Complaint.

97.     Defendant denies the allegations of Paragraph 97 of the Complaint.

98.     Defendant denies the allegations of Paragraph 98 of the Complaint.

99.     Defendant denies the allegations of Paragraph 99 of the Complaint.

100.    Defendant denies that Plaintiff is entitled to any relief as demanded in the WHEREFORE clauses.

## FACTS COMMON TO ALL AFFIRMATIVE DEFENSES

101.    Defendant refers to and incorporates herein each response set forth in paragraphs 1-100.

102.    The Debtor and Stacks entered into the PSA, the terms and conditions of which are incorporated herein by reference.

103.    The Debtor, Stacks and Greenberg & Lieberman, as Escrow Agent, entered into the Escrow Agreement, the terms and conditions of which are incorporated herein by reference.

104.    The Effective Date of the PSA was April 30, 2018 (PSA page 1).

105.    The Debtor was to pay the Purchase Price of $___ by an "Initial Payment" of $___ 5 business days after the Effective Date (PSA §2(a)) and the balance over 25 months as set forth in the PSA (PSA §2(b)). [2]

106.    Debtor made only the Initial Payment and, as of the Petition Date.

107.    Debtor did not tender payment of any scheduled payment, other than the Initial Payment, as required under the PSA.

108.    As of the Petition Date, the balance of the Purchase Price due to Stacks pursuant to the PSA was $1.4 million.

109.    Movant caused the registration of the Domain Name to be transferred to the Escrow Agent pursuant to the terms of the Escrow Agreement.

110.    Pursuant to the PSA, the registration of the Domain Name would be transferred to and in the name of the Debtor only upon payment in full of the Purchase Price.(PSA §3)

111.    Pursuant to the PSA, the Debtor acquired no ownership or other interest in the Domain Name until payment in full of the Purchase Price. (PSA § 7(iii)).

---

[2] Dollar amounts have been redacted in accordance with consent order entered as ECF Docket No. 39.

112. In 2012, Mr. Perzow, the sole principal of Heath Global, Inc. ("**Heath**"), filed a Chapter 11 case in the Southern District of New York. The case was assigned to Judge Chapman, *In re Heath Global, Inc.,* Case No. 12-10511.

113. The facts of Heath Global from the decision *In re Heath Global, Inc.* 492 B.R. 650, 652-654 (S.D.N.Y. 2013), *reargument denied,* 2013 U.S. Dist. Lexis 180683 (S.D.N.Y. 2013) are incorporated herein by reference as they are identical to the facts of this case and provide an additional badge of fraud as to Mr. Perzow's intention to defraud Stack's in connection with the PSA.

114. Prior to executing the PSA, Mr. Perzow met with representatives of Stacks wherein he, among other things, (i) intentionally, maliciously and with intent to defraud misrepresented his true identity to delay Stacks learning of his prior actions in Heath, (ii) misrepresented his professional background to add credibility to personal ability to carry out the transaction, (iii) misrepresented that he had access to resources to pay the Purchase Price pursuant to the terms of the PSA, (iv) misrepresented his intention to cause the Debtor to perform the PSA, and (v) misrepresented the Debtor's financial ability to perform the PSA.

115. At the time Mr. Perzow caused the Debtor to enter into the PSA, Mr. Perzow had no intention to perform the PSA.

116. At the time Mr. Perzow caused the Debtor to enter into the PSA, Mr. Perzow had no intention for the Debtor to perform the PSA.

117. At the time Mr. Perzow caused the Debtor to enter into the PSA, Mr. Perzow knew or should have known that the Debtor had no ability to perform the PSA including to pay the Purchase Price according to the terms of the PSA.

118.    At the time Mr. Perzow caused the Debtor to enter into the PSA, Mr. Perzow had the intention of (i) breaching or causing the Debtor to breach the PSA, (ii) renegotiating the terms of the PSA, and (iii) filing for Chapter 11 as he did in Heath Global if Stacks refused to renegotiate the terms of the PSA.

119.    Mr. Perzow knew or should have known Stacks was relying upon his representations.

120.    Stacks reasonably relied upon Mr. Perzow's representations.

121.    In its initial filings with this Court in this bankruptcy case, Mr Perzow knew that the balance due to Stacks was $1.4 million but caused the Debtor to schedule the balance due to Stacks under the PSA as $1.3 million and refused to correct the Schedules to reflect a balance due as $1.4 million, thereby putting the terms of the PSA, including the Purchase Price at issue.

122.    In its initial filings with the Court, the Court, the Debtor scheduled the Domain Name as owned by the Debtor, contrary to the provisions of the PSA, thereby putting terms of the PSA, including the issue of ownership, at issue.

123.    In its initial filings with the Court, the Court, the Debtor scheduled claims of $1 million against Stacks for alleged breaches of the PSA, thereby putting the terms of the PSA, including the Debtor's and Stack's rights and obligations under the PSA at issue.

124.    During the 341 Meeting of the Debtor on conducted on May 6, 2019 by the Office of the United States Trustee, Mr. Perzow testified under oath as a representative of the Debtor.

125.    During the course of the 341 Meeting, Mr. Perzow testified concerning, among other things, (i) his understanding of the terms of the PSA, (ii) his understanding as to the legal effect of the PSA; (iii) his understanding of the Debtor's rights and obligations under the PSA, (iv) alleged claims asserted or to be asserted by the Debtor against Stacks under the PSA, (v) the amount of the Purchase Price, and (vi) the basis for asserting an incorrect balance due to Stacks

in the petition. The audio recording of this public meeting is referred to and incorporated herein by reference.

126.    During the course of the 341 Meeting, Mr. Perzow consented to the U.S. Trustee receiving a copy of the PSA and a copy of the PSA and Escrow Agreement was provided to the U.S. Trustee.

127.    At no time during the 341 Meeting did Mr. Perzow assert that any aspect of the PSA was confidential or request that the record of the proceedings be sealed or that the PSA be subject to a confidentiality order.

128.    Since entering into the PSA, the Debtor has failed to (i) launch a website using the Domain Name; (ii) failed to launch a business or enter into any transaction to monetize the Domain Name; (iii) failed to generate any revenue using the Domain Name.

129.    The Debtor has no business to reorganize.

130.    The Debtor does not own the Domain Name.

131.    The Debtor is not the registrant of the Domain Name.

132.    The Debtor has no right to sell or encumber the Domain Name.

133.    The Debtor cannot cure the payment defaults under the PSA absent consent of Stacks.

134.    The Debtor cannot modify the terms of the PSA in a Chapter 11 plan or otherwise, absent the consent of Stacks.

135.    The Debtor has not paid the Purchase Price to Stacks under the PSA.

136.    The Debtor has no proof or other evidence of value of the Domain Name.

137.    The word "coins" is a common and publicly used word not subject to trademark or patent protection.

138. Mr. Perzow, as the person in control of the Debtor, intentionally, maliciously and with intent to deceive caused the Debtor to execute the PSA as part of a scheme to defraud Stacks into entering into a contract which Mr. Perzow had no intention of performing and intended to cause the Debtor to breach.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

139. Stacks repeats and reasserts paragraphs 1- 138herein.

140. Each and every claim fails, as a matter of law to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Fraud in the Inducement)

141. Stacks repeats and reasserts paragraphs 1- 138 herein.

142. Mr. Perzow, the principal of the Debtor intentionally, maliciously and with intent to deceive misrepresented material facts to Stacks in order to induce Stacks to enter into the PSA.

143. Stacks reasonably relied upon the representations of Mr. Perzow in entering into the PSA.

144. Mr. Perzow had no intention of performing the terms of the PSA at the time he executed the PSA.

145. Mr Perzow knew that the Debtor had no ability to perform the terms of the PSA at the time of execution.

146. Mr. Perzow caused or directed the Debtor to breach the PSA.

147. Each and every claim is barred by Mr. Perzow's bad faith and fraud in inducing Stacks to enter into the contract.

## THIRD AFFIRMATIVE DEFENSE
### (Breach of Duty of Good Faith and Fair Dealing)

148. Stacks repeats and reasserts paragraphs 1- 138 herein.

149. Each and every claim is barred by Mr. Perzow's and the Debtor's breach of its duty of good faith and fair dealing.

## FOURTH AFFIRMATIVE DEFENSE
### (Breach of Contract)

150. Stacks repeats and reasserts paragraphs 1- 138 herein.

151. Debtor's failure to pay the Purchase Price was a material breach of the PSA which excused future performance by Stacks.

152. Each and every claim is barred by Debtor's breach of the PSA.

## FIFTH AFFIRMATIVE DEFENSE
### (Claims Barred By Federal Rule of Evidence 408)

153. Stacks repeats and reasserts paragraphs 1- 138 herein.

154. Debtor's claims are based upon allegations, assumptions and conclusions which are based upon settlement discussions and are not admissible pursuant to F.R.E. 408.

155. Each and every claim is barred by F.R.E. 408.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel and Unclean Hands)

156. Stacks repeats and reasserts paragraphs 1- 138 herein.

157. Each and every claim is barred by the Debtor's bad faith, fraud, and conduct.

158. Each and every claim is barred by the doctrines waiver, estoppel and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

159. Stacks repeats and reasserts paragraphs 1- 138 herein.

160. Assuming arguendo that any provision of the PSA was confidential prior to the Petition Date, the Debtor knowingly and intentionally put the entire PSA in issue and controversy in a public proceeding commenced by the Debtor and waived the right to enforce any asserted confidentiality provisions.

161. Assuming arguendo that any provision of the PSA was confidential prior to the Petition Date, the Debtor knowingly and intentionally waived the right to enforce any alleged confidentiality by Mr. Perzow's testimony at the 341 Meeting and by producing the PSA to the Office of the U.S. Trustee without any requirement of confidentiality.

162. Each and every claim of breach of confidentiality is barred by the Debtor's own conduct and the doctrines of waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (The PSA Does Not Contain Confidential Information)

163. Stacks repeats and reasserts paragraphs 1- 138 herein.

164. None of the information contained in the PSA or the Escrow Agreement is confidential or proprietary.

165. Each and every claim seeking damages based upon a disclosure or use of the terms of the PSA fails to state a claim.

## NINTH AFFIRMATIVE DEFENSE
### (The PSA Does Not Contain Any Trade Secrets)

166.    Stacks repeats and reasserts paragraphs 1- 138 herein.

167.    The Uniform Trade Secrets Act defines a "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy".

168.    Neither the Purchase Price nor any other term of the PSA, as a matter of law, is a "trade secret".

169.    The Sixth Cause of Action fails to state a claim.

## TENTH AFFIRMATIVE DEFENSE
### (No Trademark or Copyright)

170.    Stacks repeats and reasserts paragraphs 1- 138 herein.

171.    Debtor did not purchase and does not own a trademark or copyright on the word "coins".

172.    As a matter of law, the word coins cannot be trademarked or copyrighted.

173.    Debtor cannot, as a matter of law, hold or own a trademark or copyright on the word "coins" as used in the public domain.

174.    The Debtor has not used the Domain Name in any business or otherwise.

175.    The Defendant has properly used and continue to use the word "coins" as it is used in the public domain in its business.

176.    The Eighth Cause of Action fails to state a claim upon which relief maybe granted.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Damages)

177.  Stacks repeats and reasserts paragraphs 1- 138 herein.

178.  Debtor has no proof of income, profits, value or use of the Domain Name.

179.  Debtor has no business history of operations or profits and loss.

180.  Debtor has no proof of the value of the Domain Name.

181.  Debtor does not own the Domain Name.

182.  Debtor is not the registrant of the Domain Name.

183.  Debtor has no legal right to sell or encumber the Domain Name.

184.  Debtor has no damages.

185.  Any claimed damages are speculative and inadmissible.

186.  Each and every claim fails to state a claim upon which relief may be granted.


## RESERVATION OF RIGHTS

187.  Defendant reserves the right to amend this Answer and assert such additional defenses or claims as might be discovered following further investigation of the matters made in the Complaint.

WHEREFORE, Defendant requests that judgment be entered in favor of Defendant dismissing the Complaint and granting to Defendant such additional relief as the Court may deem just or proper.


Dated: September 19, 2019

**TEITELBAUM LAW GROUP, LLC**
*Attorneys for Stack's-Bowers Numismatics*

By: /s/ Jay Teitelbaum
       Jay Teitelbaum, Esq.
       1 Barker Avenue, Third Floor
       White Plains, New York 10601
       Tel: (914) 437-7670
       Email: jteitelbaum@tblawllp.com

EXHIBIT A

# TEITELBAUM LAW GROUP, LLC
### Attorneys at Law

*Jay Teitelbaum\**

---

July 8, 2019

VIA EMAIL
Erica Aisner
Kirby Aisner & Curley, LLP
700 Post Road Suite 237
Scarsdale, N.Y. 10583

**Re:    Hampstead Global 19-22721**

Erica:

I am in receipt of your letter dated July 8, 2019. Your letter is legally and factually baseless.

First, the confidentiality provisions of the agreement expressly provide that the terms of the agreement may be disclosed as required by law. Second, your client has waived any claim of confidentiality and/ or is estopped from asserting that the agreement is confidential. Your client willfully breached the agreement, filed for Chapter 11 wherein he publicly disclosed and misrepresented material terms of the agreement; and relying upon the agreement at the 341 meeting, publicly accused my client of breaching the agreement. Third, any claim of damages is baseless. Before your client can sustain any damages, it needs to have a business—which your client has admitted it does not have.

Idle and empty threats are not going to move this case. I suggest you spend your time more productively.

Sincerely,

Jay Teitelbaum

cc. Andy Velez Rivera

---

1 Barker Avenue
Third Floor
White Plains, New York 10601
Telephone: 914-437-7670
Fax: 914-437-7672
All service of papers to White
Plains. Fax and E-Mail Service
Accepted

E-Mail: jteitelbaum@tblawllp.com
Website: www.tblawllp.com

*Admitted: N.Y. State and Federal
Courts; United States District Courts for
the District of Connecticut and the
Southern District of Indiana

9 East 40th Street
Fourth Floor
New York, New York 10016
Telephone: 646-233-3013